# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1474V
Filed: November 12, 2024

| | |
|---|---|
| LUCITA SINGLETON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Renee J. Gentry,* Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioner.
*Zoe Wade,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

  On October 10, 2017, Lucita Singleton ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") (ECF No. 1). Petitioner alleged that the influenza ("flu") vaccination that she received on October 21, 2014, caused her subclinical seizures and epilepsy. *Id*. On April 28, 2023, I issued my decision denying entitlement. (ECF No. 67).

  On October 23, 2023, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 71.) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $111,602.14, representing $85,059.05 in attorneys' fees and $26,543.09 in costs. Fees App. at 1. Petitioner indicates that she has not personally incurred any litigation expenses. *Id*. On October 24, 2023, respondent filed a response to petitioner's motion. (ECF No. 72.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. However, Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Id*. at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human*

*Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for The Vaccine Injury Litigation Clinic at The George Washington University Law School for work performed by counsel: for Renee J. Gentry, Esq., $424.00 per hour for work performed in 2017, $435.00 per hour for 2018, $445.00 per hour for 2019, $464.00 per hour for 2020, $489.00 per hour for 2021, $504.00 per hour for 2022, and $531.00 per hour for 2023; for Clifford Shoemaker, $440.00 per hour for work performed in 2017, $450.00 per hour for 2018, and $460.00 per hour for 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

Petitioner also requests the following rates of compensation for work performed by law students at The Vaccine Injury Litigation Clinic at The George Washington University Law School: $145.00 per hour for work performed in 2017, through September 7, 2020; $150.00 per hour from September 21, 2020, through 2021, and $175.00 per hour for work performed in 2022 and 2023. The rates requested for work performed by the law students from 2017 through 2021, and in 2023 are consistent with, or less than, what they have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.[3]

However, Petitioner's request for $175.00 for work performed by the law students in 2022, represents an increase of $10.00 from the $165.00 hourly rate previously awarded for 2022 work. *See, e.g.*, *J.D. v. Sec'y of Health & Human Servs.,* No. 14-742V, 2024 WL 4043674, and *2 (Fed. Cl. Spec. Mstr. May 21, 2024) (reducing the law students' rate to $165.00 per hour for their time billed in 2022); *see also Wnuk v. Sec'y of Health & Human Servs.,* No. 21-0679V, 2023 WL 4195520, at *2 (Fed. Cl. Spec. Mstr. May 26, 2023) (finding $165 per hour – reflecting an increase of $15 from 2021, to be an appropriate rate for work performed by the law students in 2022). Accordingly, I reduce the law students' rate to $165.00 per hour for their time billed in 2022, to be consistent with what has previously been awarded. This results in a reduction of **$1,547.40**.[4]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While

---

[3] While it is not the practice of the OSM to afford mid-year rate increases under any circumstances, the increased rate requested for 2020 in this case, has been previously awarded. *See e.g., Kelly v. Sec'y of Health & Human Servs.,* No. 16-878V, 2022 WL 3594383, at *3 (Fed. Cl. Spec. Mstr. Jul. 27, 2023).

[4] This amount consists of ($175.00 - $165.00 = $10 x 154.74 hours = $1,547.40).

attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $83,513.45.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $26,543.09 in attorneys' costs comprised of acquiring medical records, the Court's filing fee, postage, the hearing transcript, and expert services provided by Dr. Carlo Tornatore. Fees App. at 32. For Dr. Tornatore, petitioner requests $25,050.00 at a rate of $400.00 per hour for 39.5 hours of services performed in 2019 and 2020, and a rate of $500.00 per hour for 18.5 hours of services performed in 2022. *Id*. at 40. The costs requested by petitioner in this matter appear reasonable, and they shall be awarded in full without reduction.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows: **a lump sum in the amount of $110,054.74, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, The George Washington University Law School Vaccine Injury Litigation Clinic.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).